UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA ESPINELI AND MOHAMMAD MOGHADDAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES U.S.A., INC., a California Corporation; TOYOTA MOTOR CORPORATION, a Japanese Corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | No. 2:17-cv-00698-KJM-CKD<br><br>ORDER |

      In this putative class action, plaintiff car owners contend defendant car manufacturers should be held liable for damages caused by rats chewing on soybean-coated wiring placed in defendants' vehicles during manufacture and assembly, before sale to the public. Defendants move to dismiss the class action complaint under Rule 12(b)(6). Mot., ECF No. 8. Plaintiffs oppose the motion. Opp'n, ECF No. 14. Defendants have replied and provided additional supplemental authority. Reply, ECF No. 24; Suppl. Auth. ECF No. 37. For the reasons discussed below, the court GRANTS defendants' motion and DISMISSES the complaint, with leave to amend.

/////

I.  BACKGROUND

Plaintiffs filed this action on March 31, 2017. Compl., ECF No. 1. Defendants filed the instant motion to dismiss on July 24, 2017. Mot. Plaintiffs filed an opposition on August 11, 2018, and defendants replied on October 27, 2017. Opp'n; Reply. Defendants filed their supplemental authority on June 12, 2018. Suppl. Auth.

This putative class action arises from one central claim: Plaintiffs allege defendants used soy-based wire coating in the engine control wiring harness of their Lexus vehicles, which attracted rodents that chewed on the wiring, causing damage to the vehicles. Compl. ¶ 1. Plaintiffs assert Lexus vehicles can lose functionality and safety features when wires in the engine control wiring harness are damaged by rodents, posing a safety risk to both class members and the public at large. *Id.* The putative class includes: "[a]ll persons in California who currently own or lease, or who have owned or leased, any Lexus RX, GX, ES and LS model vehicle with model years 2007–2017," and the putative sub-class includes owners and lessors of the same model of vehicles "who submitted their Vehicle for repairs under the Vehicle's warranty for damage related to rodent infestation and incurred out-of-pocket expenses for such repairs after Lexus' refusal to cover repairs under the Vehicle's warranty." Compl. ¶¶ 58–59.

Plaintiffs contend defendants should repair the rodent damage under warranty. *Id.* ¶¶ 102–106. Plaintiffs also contend defendants knew of the defect and fraudulently concealed it. *Id.* ¶ 32.

Plaintiffs assert four claims: violation of the California Consumers Legal Remedies Act ("CLRA"); violation of the California Unfair Competition Law ("UCL"); breach of implied warranty under the California Song-Beverly Act; and breach of express warranty on behalf of the proposed subclass. *Id.* ¶¶ 67–106.

II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007), the complaint must contain more than conclusory or formulaic recitations of elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter" to make the alleged claim at least plausible. *Ashcroft*, 556 U.S. at 678; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (explaining plausibility requires that the complaint depict a cognizable legal theory and sufficient factual allegations to support that theory) (citation omitted). Aside from external facts properly subject to judicial notice, the court restricts its analysis to the face of the complaint, construing the complaint in plaintiff's favor and accepting well-pled factual allegations as true. *Erickson*, 551 U.S. at 93-94.

III. ANALYSIS

A. Plausible Theory of Liability

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Instead, to state a plausible claim for relief, plaintiffs must plead facts that "tend to exclude a plausible and innocuous alternative explanation." *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998 (9th Cir. 2014).

Defendants argue that while plaintiffs theorize the soy-based material coating the wires draws rodents in, "it is at least equally possible that the damage Plaintiffs allege would have occurred regardless of the type of insulation used, just because the rodent is a common pest that habitually gnaws on whatever it can." Mot. at 5. Defendants further point to plaintiffs' possession of the cars, and thus the wiring in the cars, at the time damage occurred, and contend plaintiffs need to plead facts supporting their theory the wiring has a powerful effect on the rodents, rather than relying merely on conjecture. *Id.* at 6. Plaintiffs argue they "need only show that the use of edible wiring was a 'substantial factor' in bringing about the harm alleged in the complaint." Opp'n at 4.

Defendants' "alternative explanation" that rats have a propensity to chew generally does not fairly qualify as an alternative explanation under the applicable law; even if it is a

3

plausible alternative explanation, it is not so convincing that it makes plaintiff's explanation *im*plausible. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original, as in "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible."); *Heber v. Toyota Motor Sales U.S.A., Inc.*, No. SAC V 1601525 AGJ CGX, 2018 WL 3104612, at *4 (C.D. Cal. June 11, 2018) ("Rats' propensity to gnaw on stuff isn't truly 'alternative explanation' to Plaintiffs' assertion that Toyota's wiring increases the likelihood that rats will chew on the wires in Plaintiffs' cars.").[1] Defendants' argument that plaintiffs are required to allege more facts showing rats are more likely to chew on wires with soy-based coating is unavailing. Plaintiffs have set forth a plausible theory of liability in this respect. *See Heber*, 2018 WL 3104612, at *4.

B. <u>Express Warranty Claims</u>

Defendants argue plaintiffs' express warranty claim fails because the express warranty here does not cover design defects, and the warranty excludes damages resulting from environmental conditions, including damage caused by wild animals. Mot. at 6 (citing Compl. ¶ 21, pleading that warranty covers "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Lexus.").

"In California, express warranties covering defects in materials and workmanship exclude defects in design." *Troup v. Toyota Motor Corp.*, 545 Fed. App'x 668, 668–69 (9th Cir. 2013) (citing *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006)); *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 WL 3149305, at *21 (N.D. Cal. July 25, 2017) ("As numerous courts have recognized, a manufacturer's choice of [a] certain material to construct a product is a 'design decision,' not a defect in 'materials and workmanship.'"). Here, plaintiffs plead that defendants' warranty covers "repairs and adjustments needed to correct defects in materials or workmanship." Compl. ¶ 21. The defect alleged by plaintiffs, that the

---

[1] On March 30, 2018, the court denied Defendant's motion to transfer this case to the Central District of California to be consolidated with *Heber* because the class here involves a much narrower group of plaintiffs who purchased Lexus vehicles, which were not included in the *Heber* action, from a Lexus dealership in the Eastern District. ECF No. 36.

4

vehicles were made with defective soy-based wiring, is a design defect, not a defect in materials because it is an alleged defect in all vehicles of that model, not just a defect in one plaintiff's particular vehicle. Mot. at 7; *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 111, 120 (2002) ("A design defect . . . exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective."); *Sharma v. BMW of N. Am., LLC*, No. C-13-2274 MMC, 2014 WL 2795512, at *4–5 (N.D. Cal. June 19, 2014) (finding plaintiffs' alleged defect, that vehicles at issue "were designed in such a way that makes them unsafe and susceptible to flooding," was design defect and therefore not covered by express warranty).

The express warranty here does not cover the type of defect at issue, and dismissal of the express warranty claims is thus appropriate. The court need not address whether the alleged damage caused by rodents falls within the warranty exception for damage resulting from "environmental conditions" because, as concluded above, it is well settled that the type of warranty here does not cover the defect. *Troup*, 545 F. App'x at 669 (finding "gravamen" of plaintiffs' complaint alleged design defect not covered by express warranty, when plaintiff alleged defect in vehicle resulted from use of a certain material to build the gas tanks).

The repairs plaintiffs seek are not covered by the express warranty, and plaintiffs therefore cannot allege defendants breached the express warranty. Dismissal of the express warranty claim is therefore appropriate.

C. <u>Implied Warranty Claims</u>

"To prevail on a breach of an implied warranty of merchantability claim, the plaintiff must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Beshwate v. BMW of N. Am., LLC*, No. 1:17-CV-00417-SAB, 2017 WL 4410169, at *9 (E.D. Cal. Oct. 4, 2017) (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)).

Defendants argue plaintiffs "allege only that there is some chance a 'defect' might manifest sometime in the future as a result of an external intervention," such as a rodent "getting inside the vehicle and causing damage." Mot. at 11–12. The court agrees. Plaintiffs' implied warranty claim relies on the rodents to invade the engine compartment and feast on soy-based

5

wiring.  Without the rodents, the vehicle does not become inoperable, and plaintiffs "are, in effect, asking the Court to stretch the implied warranty of merchantability to include some promise that no external actor will later harm Plaintiffs' vehicles." *Heber*, 2018 WL 3104612, at *5.  Plaintiffs have not alleged defendants sold them vehicles unfit to be driven, as required for an implied warranty claim.  *Id.* (declining to extend implied warranty of merchantability to include possibility that rats may chew vehicle's wires possibly causing vehicle to become inoperable).

The court dismisses the implied warranty of merchantability claim.

### D. Fraud and Consumer Protection Claims

"If the claim is grounded in fraud, the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 993 (E.D. Cal.2012) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir.2009)). "[T]he Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, [and] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)." *Kearns*, 567 F.3d at 1127.  Moreover, "[t]he Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Id.* at 992 (citing *Kearns*, 567 F.3d at 1125). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and ellipses omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Ness v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, plaintiffs' fraud and consumer protection claims are not supported by a sufficiently pleaded misstatement or omission.  Compl. ¶¶ 67–88.  In their complaint, plaintiffs merely cross-reference prior allegations and make conclusory statements alleging defendants' misstatements and omissions.  Compl. ¶¶ 74–76, 84-87.  They have failed to identify the "who, what, when, where, and how" of the alleged misconduct as required here.  *Cooper*, 137 F.3d at

627; *Heber*, 2018 WL 3104612, at *6 (finding plaintiffs failed to "meet Rule 9(b)'s heightened requirements because they don't provide a sufficiently specific picture of what Toyota could have done to meet its disclosure requirements").

Because plaintiffs have failed to plead their fraudulent omission and consumer protection claims with the appropriate level of specificity, the court dismisses those claims.

E. <u>Equitable Claims</u>

Defendants also argue "Plaintiffs' claims for equitable relief fail because they allege no facts showing their legal remedies would be inadequate." Reply at 3; *see also* Mot. at 23-24 (citing cases). Plaintiffs contend they can plead both legal and equitable claims in the alternative. Opp'n at 18.

District courts within the Ninth Circuit disagree on whether to permit alternative pleadings in this context. Although "some federal courts" have dismissed UCL claims and other equitable relief claims where the plaintiff has pled claims that may provide adequate remedies at law, "many other courts, . . . have reached the opposite conclusion, finding no bar to the pursuit of alternative remedies at the pleadings stage." *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2018 WL 1473085, *9 (N.D. Cal. Mar. 26, 2018) (noting split and citing cases on either side).

Seeing no basis in California or federal law for prohibiting the pursuit of alternate remedies at this early stage, this court joins those courts declining to dismiss plaintiffs' equitable claims on this basis. *See id.*; *see also Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) (citing *Aberin*, 2018 WL 1473085, at *9); *Adkins v. ComcastCorp.*, No. 16-CV-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017); *Cabrales v. Castle & Cooke Mortg.*, LLC, No. 1:14-CV-01138-MCE, 2015 WL 3731552, at *3 (E.D. Cal. June 12, 2015); *Colucci v. ZonePerfect Nutrition Co.*, No. 12-2907-SC, 2012 WL 6737800 at *10 (N.D. Cal. Dec. 28, 2012); *Vicuna v. Alexia Foods, Inc*., Case No. C 11-6119-PJH, 2012 WL 1497507 at *3 (N.D. Cal. April 27, 2012).

/////

/////

IV. **LEAVE TO AMEND**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court should only deny a request for leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (the court should grant leave to amend where additional factual allegations could cure a complaint's defects). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

Plaintiffs request leave to amend their express warranty claim "to allege that Lexus' attempt to limit the NVLW is unconscionable and should not be enforced." Opp'n at 9. While it seems their express warranty claim is incurable, the court will grant plaintiffs request and GRANTS leave to amend the express warranty claim to make their unconscionability allegation, to the extent they are able to do so while complying with the obligations of Federal Rule of Civil Procedure 11.

Plaintiffs have not requested leave to amend other claims, but it appears they may be able to allege additional facts in support of their implied warranty claim and fraud and consumer protection claims. Because defendants have not shown it would be futile to allow plaintiffs to amend these claims, and plaintiffs have not previously been given an opportunity to amend their complaint, the court finds it proper to GRANT plaintiffs leave to amend the implied warranty claim and fraud and protection claims, again if they can do so consonant with Rule 11.

Plaintiffs may include their UCL claim in any amended complaint, as it is pled sufficiently to put defendants on notice as required.

/////

/////

## V. CONCLUSION

The court GRANTS defendants' motion to dismiss, with leave to amend consistent with this order. Plaintiffs shall file an amended complaint within twenty-one (21) days of this order.

IT IS SO ORDERED.

DATED: August 9, 2018.

_____
UNITED STATES DISTRICT JUDGE