UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPINELI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-00698-KJM-CKD<br><br><br>ORDER |

The parties filed a joint status report in this case proposing conflicting deadlines for exchange of initial disclosures as required by Federal Rule of Civil Procedure 26. ECF No. 63 at 10. Plaintiffs propose a deadline of July 19, 2019 and defendants argue the deadline should be within 21 days of the court's final resolution of "parties and pleading challenges," referring to a forthcoming second motion to dismiss. *Id*. For the reasons outlined below, the deadline for Rule 26 disclosures shall be fourteen days from the docketing of this order.

Rule 26(a)(1)(C) explains that Rule 26 disclosures should be made within 14 days after the parties' Rule 26(f) conference unless (1) "a different time is set by stipulation or court order" or (2) "a party objects during the conference that initial disclosures are not appropriate in

this action" and states so in the proposed discovery plan. If such an objection is made, the court must determine the timing and content of disclosures. *Id.* Parties that are served after the 26(f) conference have 30 days after being served to make their initial disclosures, unless a different timeline is set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(D).

Based on the joint status report, defendant implicitly objects to the presumptive timeline for Rule 26 disclosures, and the court must decide the appropriate timing. ECF No. 63 at 10. The rules do not provide further guidance on how to do so, however courts generally disfavor delaying discovery until after a dispositive motion is resolved. In *Canter & Associates, LLC V. Teachscape, Inc.*, for example the court addressed a situation in which a party wanted to delay Rule 26 disclosures until after federal jurisdiction was established. *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n.2 (N.D. Cal. Jan. 22, 2008).[1] In dicta, the court noted that, though such an objection would not have been "frivolous," "it is unlikely the court would have accepted an argument that initial disclosures could be delayed until federal jurisdiction is established. The pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations." *Id.*; *accord Baker v. Arkansas Blue Cross*, No. C-08-03974SBAEDL, 2009 WL 904150, at *2 (N.D. Cal. Mar. 31, 2009).

Faced with express requests, courts have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending. *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("[D]istrict courts look unfavorably upon such blanket stays of discovery." (citing *Skellercup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–601 (C. D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a

---

[1] The recent amendments to the Federal Rules do not change this conclusion. In fact, recent amendments to the rules have strengthened the underlying message encouraging action early in a case, for example, through early case management conferences. *See* Fed. R. Civ. P. 16, advisory committee's note to 2015 amendment (regarding the reduction in time to issue the scheduling order, "[t]his change, together with the shortened time for making service under Rule 4(m), will reduce delay at the beginning of litigation"). The policy of not delaying initial disclosures is consistent with this message.

2

provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation")) (other citations omitted)). In the context of a discovery stay request, courts in the Ninth Circuit often employ a two-part test:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. . . . Discovery should proceed if either prong of the test is not met.

*Id.* (citations omitted). Here, the parties have not addressed this test, but the fact that courts set this high bar for a discovery stay counsels against allowing Rule 26 disclosures to be delayed until after a motion to dismiss.

Where the Ninth Circuit has spoken on the issue, it has indicated that a district court may abuse its discretion if it stays discovery during the pendency of a motion to dismiss if the discovery is relevant to the potentially dispositive motion. *See id.* (citing *Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (indicating district court would have abused discretion in staying discovery if discovery sought during pendency of motion to dismiss was relevant to whether or not court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion by staying discovery pending motion to dismiss because complaint did not raise factual issues requiring discovery for resolution); *accord Glob. Commodities Trading Grp., Inc. v. Beneficio De Arroz Choloma, S.A.*, No. 216CV01045TLNCKD, 2016 WL 7474912, at *2 (E.D. Cal. Dec. 29, 2016) ("*Mlejnecky* requires this court to permit discovery that is relevant to an outstanding motion, even if the motion could be decided without it, because preventing discovery on information relevant to the potentially dispositive motion would be an abuse of this Court's discretion."). Here, Toyota represents its motion to dismiss makes the argument that plaintiffs have failed to plead Toyota knew of any defects. JSR at 11. Plaintiffs suggest they plan to conduct discovery that would be relevant to this argument, including, *inter alia*, by seeking records of consumer complaints and defendants' internal communications regarding the soy-based wiring. *See* JSR at 7, 11. The rule itself and the case law supports requiring Rule 26 disclosures at this stage, rather

/////

than after the forthcoming motion to dismiss is decided.  Accordingly, the parties shall exchange Rule 26 initial disclosures within fourteen days.

    IT IS SO ORDERED.

DATED: July 15, 2019.

_____
UNITED STATES DISTRICT JUDGE