**SHOOK, HARDY & BACON L.L.P.**
Amir Nassihi (SBN 235936)
One Montgomery, Suite 2600
San Francisco, California 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281
Email: anassihi@shb.com

Attorney for Defendant
TOYOTA MOTOR SALES U.S.A., INC.

**KERSHAW, COOK & TALLEY PC**
William A. Kershaw (SBN 057486)
Stuart C. Talley (SBN 180374)
Ian J. Barlow (SBN 262213)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501
Email: bill@kctlegal.com
Email: stalley@kctlegal.com
Email: ian@kctlegal.com

Attorneys for Plaintiffs and the putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA ESPINELI and MOHAMMAD MOGHADDAM, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES U.S.A., INC., a California corporation; TOYOTA MOTOR CORPORATION, a Japanese Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00698-KJM-CKD<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**STIPULATION AND ORDER RE CONFIDENTIAL TREATMENT OF DISCOVERY MATERIALS**<br><br>Complaint Filed: Mar. 31, 2017 |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that

protection is afforded only to material so entitled, plaintiffs Melinda Espineli, *et al.* and defendant Toyota Motor Sales, U.S.A, Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

IT IS HEREBY STIPULATED, subject to the approval of the Court that:

1. **APPLICABILITY OF THE PROTECTIVE ORDER.** This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action (this information hereinafter referred to as "Discovery Material"). All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include non-parties.

2. **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."** Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order (hereinafter referred to as "Confidential Material" or "Highly Confidential Material"). Any Discovery Material designated "Confidential" or "Highly Confidential" shall, prior to being designated as such, be reviewed by counsel for the Designating Party.

   a. **"Confidential Material."** For purposes of this Order, information considered to be Confidential Material includes any information that a Party believes in good faith to be confidential or sensitive non-public information including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

b. **"Highly Confidential Material."** For purposes of this Order, Highly Confidential Material shall include, but is not limited to, any Protected Data (defined below) and/or Confidential Materials as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

c. Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

3. **MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

a. **TIFF Documents.** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

b. **Native Documents.** With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the appropriate confidentiality designation in the filename.

c. **Designating Depositions.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record before the close of the deposition, or by serving such designations within 14 days after receipt of the transcript of the deposition in which

the designations are made. All deposition transcripts shall be treated as Highly Confidential for 14 days following receipt of the transcript unless otherwise ordered by the Court or agreed to by the parties.

   d. **Non-Written Materials.** Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s). In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

4. **DISCLOSURE OF COVERED INFORMATION.** The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, are treated in accordance with the provisions of this Order, to the same extent that the Covered Information had been marked with the appropriate confidentiality legend by the Producing Party. The Producing Party shall provide a replacement copy of the Covered Information with the appropriate "Confidential" designation no later than 10 days after providing the Receiving Party with notice of the inadvertently produced Covered Information.

5. **MATERIALS PREPARED BASED UPON COVERED INFORMATION.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of

confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

6. **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order. Information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Otherwise, the non-party must promptly notify the issuing Party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

7. **GOOD-FAITH BELIEF.** For purposes of this Order, the Party designating Discovery Material as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" as defined above. Blanket designation of documents or information as "Confidential" or "Highly Confidential" without regard to the specific contents of each document or piece of information is prohibited and the Parties acknowledge that the protection this Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Designating Party shall only designate as "Confidential" or "Highly Confidential" any Discovery Material that the Designating Party, believes, in good faith, contains Covered Information, as defined above.

Indiscriminate designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken or improper designation.

8. If at any time prior to the trial of this Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party should advise all other Parties in writing and the Designating Party must produce replacement

documents or material with the appropriate "Confidential" or "Highly Confidential" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Highly Confidential" and to retrieve the newly designated "Confidential" or "Highly Confidential" from any person who is not permitted by this Order to have Confidential Information.

9. No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

10. **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** Confidential Material may be disclosed only to the following "Qualified Persons":

   a. the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

   b. mediators or other individuals engaged or consulted in settlement of all or part of this Action;

   c. the Parties;

   d. counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate

attorneys;

e. professional jury or trial consultants, mock jurors, and litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 12 of this Order;

f. any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual expert, consultant, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert, consultant, or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual expert, consultant, and/or Designated Expert Personnel sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (iv) excluding any retention for this Action, the individual expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any party or any entity which directly competes with, or is a customer of or direct seller to Toyota; and (v) the terms of Paragraph 16 of this Order are met;

g. any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; or (iv) is or was an employee of the producing party and is reasonably believed to have knowledge of the matters in the Covered Information;

h.  auditors and insurers of the Parties; and

i.  any other person as may be designated by written agreement by the Producing Party or by order of the Court.

11. **PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material, Protected Data, or their contents may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 10(a)-(f) and (i), and:

a.  Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

b.  Any person who created, authored, received or reviewed, possessed or knew of such Covered Information, is or was a custodian of the Covered Information, or is identified on such Covered Information, provided, however, that each such person given access to Covered Information shall be advised that such Information is being disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order and that it may not be disclosed other than pursuant to its terms.

12. **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person to whom Covered Information is disclosed, except the persons identified in ¶ 10 (a), (c)-(d), (g) and ¶ 11 above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

13. **CHALLENGING "CONFIDENTIAL", "HIGHLY CONFIDENTIAL, AND "PROTECTED DATA" DESIGNATIONS.** A Party objecting to the designation of any material as Confidential, Highly Confidential or Protected Data shall give written notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within seven days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation; otherwise the document(s) or material(s) shall be deemed to be no longer

Confidential or Highly Confidential without a Court order. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention within 7 days of the date of service of the Designating Party's written response. If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, the Designating Party shall file and serve a motion to retain confidentiality under applicable local rules governing discovery disputes within 14 days of emailed notice from the objecting Party of its conclusion that the meet and confer process will not resolve their dispute. Failure by the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation. However, the Parties may meet and confer to agree on a later, mutually acceptable date of filing the motion, to accommodate the Parties' schedules. In addition, the objecting Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph.

The Designating Party has the burden of establishing that the document is entitled to protection. Unless the Designating Party has waived the confidentiality designation as described above, any material so designated shall remain Confidential, Highly Confidential or Protected Data, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Designating Party shall reproduce copies of all materials so designated without the Confidential or Highly Confidential label at the Designating Party's expense within ten business days.

14. **SUBPOENA FOR COVERED INFORMATION.** If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information, and not oppose any reasonable

procedures sought to be pursued by the Designating Party whose Covered Information may be affected.

15. **USE OF DISCOVERY MATERIAL.** Covered Information shall be used solely for purposes of the Litigation, including any appeal.

16. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

17. **SECURITY OF COVERED INFORMATION.** Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction including, but not limited to:

    a. Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security including, but not limited to, application of access control rights to those persons entitled to access Covered Information under this Order;

    b. An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

    c. Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level.

    d. Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order; and

e. Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information.

f. If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

If the Receiving Party discovers a breach of security[1] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

18. **FILING COVERED INFORMATION.** Without written permission from the Designating Party or a Court order secured after appropriate notice, a Party that seeks to file under seal any Covered Information (including deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, response

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Covered Information.

thereto, exhibit to a request for production or response, request for admission, response thereto, exhibit to a request for admission or response, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes "Confidential" or "Highly Confidential" information) must comply with Local Rule 141.

19. **FINAL TERMINATION.** After the conclusion of this litigation as to the Defendants, all "Confidential" or "Highly Confidential" information, all copies thereof, and all documents that contain or reflect "Confidential" or "Highly Confidential" information including, but not limited to any notes prepared by the parties receiving the "Confidential" or "Highly Confidential" information, counsel for such parties, or such parties' experts, shall be returned to counsel for the producing Defendants and all electronic copies will be destroyed and deleted from any computers, hard drives, servers or cloud storage, except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition. The party given the "Confidential" or "Highly Confidential" information will certify in writing that there is compliance with this paragraph. All "Confidential" or "Highly Confidential" information shall remain subject to the terms of this Stipulated Protective Order. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "Confidential" or "Highly Confidential" information after conclusion of this litigation.

20. **PROTECTIVE ORDER REMAINS IN FORCE.** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered or agreed upon by the Parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

21. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.

Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

The undersigned have discussed the terms of this Stipulation and are in agreement with the terms contained herein.

Dated: July 24, 2019 **SHOOK HARDY & BACON L.L.P.**

By: */s/Amir Nassihi*
Amir Nassihi

Attorney for Defendants
Toyota Motor Sales, U.S.A., Inc.

Dated: July 24, 2019 **KERSHAW, COOK & TALLEY PC**

By: */s/Ian J. Barlow*
Ian J. Barlow

Attorneys for Plaintiffs and the Putative Class

**IT IS SO ORDERED**, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

////

////

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: August 1, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [insert date] in the case of *Melinda Espineli, et al. v. Toyota Motor Sales U.S.A., Inc., et al.,* case no. 2:17-cv-00698-KJM-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this ____ day of _____, 20___, at _____ [insert city and state where sworn and signed].

Signature: _____