UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA ESPINELI, et al., <br><br>Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR SALES U.S.A., INC., et al., <br><br>Defendants. | No. 2:17-cv-00698-KJM-CKD <br><br><br>ORDER |

On August 19, 2019, defendant Toyota Motor Sales, U.S.A., Inc. requested the court seal Exhibits Q, R and S, and allow redaction of references to those exhibits in Exhibits J and P, all attached to plaintiffs' ex parte application at ECF No. 77; ECF No. 79 (request). On August 28, 2019, plaintiffs filed the motion to amend that was in part the subject of plaintiffs' ex parte application and defendant's prior request to seal, and defendant filed a new request to seal and redact portions of the newly filed motion to amend. ECF No. 83 (motion); ECF No. 85 (request). For the following reasons, the court DENIES in part and GRANTS in part defendant's requests.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096-97 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). The compelling-reasons standard applies even if contents of the motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rules 140 and 141 provide that documents may be redacted or sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 140(a), (d), 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant

2

information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 3-1, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. *See id.* ¶ 10 ("[P]rotective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket."). While the court should not have to remind a party of its orders setting out essential ground rules of a case, set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the unjustified request to seal presented by defendant Toyota Motor Sales, U.S.A., Inc.

Here, defendant's requests rely primarily on the fact the documents in question were produced pursuant to the parties' discovery protective order, which was approved by the court, ECF No. 68. Defendant also argues, for example, Exhibit R contains confidential information that, if disclosed, would "provide competitors with cost information that gives them an unwarranted advantage," and with Exhibit S, "Competitors could also use this information in the design, development and manufacture of their own vehicles without incurring the costs incurred by Toyota." Defendant makes similar arguments as to each other document covered by its request. As explained above, these conclusory statements unsupported by any declaration or citation to authority are insufficient for the court to find good cause to seal the documents, especially given the "strong presumption in favor of access" to the record. *See Foltz*, 331 F.3d at 1135.

There is one exception, however, that is so straightforward as to support defendant's request in part. In its most recent request, defendant explains Exhibit I contains a password provided to counsel, for which redaction is necessary to protect against improper disclosure of confidential documents. Further, defendant explains Exhibit N contains private, identifying customer information, including customer email addresses and phone numbers. Defendant has satisfied its burden as to the proposed redactions in Exhibit I and has shown that the customer information in Exhibit N should be redacted, though it has not shown that Exhibit N

should be redacted in its entirety.  Accordingly, Exhibit I may be redacted as proposed and all information identifying customer information may be redacted from Exhibit N.

Accordingly, the request to redact and seal documents is hereby GRANTED in part and DENIED in part, without prejudice to a renewed motion containing a more developed, well-supported explanation of the need for sealing.

IT IS SO ORDERED.

DATED: September 24, 2019.

_____
UNITED STATES DISTRICT JUDGE